EXHIBIT C

NYSCEF DOC. NO. 95  Case 1:20-cv-04674-JMF  Document 25-3  Filed 09/14/20  Page 1 of 10  INDEX NO. 101407/2019
RECEIVED NYSCEF: 08/26/2020

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. JOHN J. KELLEY | PART | IAS MOTION 56EFM |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------X

In the Matter of

JOHN WHITFIELD,

                          Petitioner,

                        - v -

CITY OF NEW YORK ADMINISTRATION FOR
CHILDREN'S SERVICES,

                        Respondent.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 101407/2019 |
| MOTION DATE | 08/04/2020 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, and JUDGMENT**

The following papers, numbered 1 - 98, were read on this application to/for  CPLR ART 78

| | No(s). | |
|---|---|---|
| Notice of Petition/Amended Pet/Affidavits - Exhibits | No(s) | 1-7, 8-9 |
| Not of x-motion/affs/exhs | No(s) | 10-19 |
| Affidavits in opposition | No(s) | 20-21 |
| Answer/affs/exhibits | No(s) | 22-41 |
| Replying | No(s) | 42-58 |
| Sur-reply | No(s) | 59 |
| In Cam | No(s) | 60-98 |

    In this CPLR article 78 proceeding, the petitioner seeks judicial review of a New York City Administration for Children's Services (ACS) determination declining to hire him for the position of Youth Development Specialist (YDS). He alleges that ACS improperly premised its decision upon his prior criminal record and a memoir that he published approximately 15 years ago in which he was critical of law enforcement. On the November 26, 2019 return date, the court denied ACS's cross motion to dismiss the petition and directed ACS to serve and file an answer and the administrative record. ACS thereafter served and filed an answer, supporting

101407/2019  WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION  Page 1 of 10

1 of 10

EXHIBIT C

NYSCEF DOC. NO. 95    Case 1:20-cv-04674-JMF    Document 25-3    Filed 09/14/20    Page 2 of 10    INDEX NO. 101407/2019
RECEIVED NYSCEF: 08/26/2020

affidavits, and the administrative record. At oral argument on February 25, 2020, the court directed ACS to make a supplemental filing consisting of resumes, job applications, and other supporting documentation that had been submitted to it by other applicants for the position of YDS, both successful and unsuccessful, so that the court could review those documents in camera. ACS has submitted voluminous documentation containing personally identifiable information, which the court now has reviewed. The petition now is denied on the merits, and the proceeding is dismissed.

    The petitioner had been convicted of murder in the second degree and served 15 years in a state penitentiary. After he was released from custody, he worked at several jobs as a group youth counselor. He then applied to ACS to become a YDS so that, as he described it, he could employ his experiences to counsel minors away from a life of crime. As part of the application process, the New York City Department of Citywide Administrative Services (DCAS) conducted a background investigation and concluded that the offenses of which he was previously convicted were unrelated to the requirements of ACS job that he was seeking, and, thus, did not disqualify him from the position. ACS nonetheless rejected his application, and instead hired numerous other applicants to fill several YDS positions. This proceeding ensued.

    Executive Law § 296(15) and Correction Law § 752 both prohibit an employer from refusing to hire an applicant based on his or her prior criminal record where the offenses that the applicant committed were unrelated to and not likely adversely to affect the particular job that the applicant sought. ACS asserts that it had other, non-discriminatory reasons for denying the petitioner's employment application, and that it did not consider the petitioner's criminal record in making its determination. Specifically, it contends that the petitioner's experience as a motivational speaker appearing before groups of teenagers to advise them how to avoid getting involved in criminal activity was not experience that would qualify the petitioner to provide the same advice in a residential one-on-one situation with at-risk youth, as required by the job description. It specifically noted that the job required an ability to de-escalate a potentially

101407/2019    WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION    Page 2 of 10

2 of 10

violent situation, and that ACS personnel who reviewed the petitioner's application were concerned about the petitioner's ability in this regard. ACS also asserts that, in light of the petitioner's prior writings, in which he expressed hostility towards law enforcement personnel and agencies, he might not be able to maintain an employment position that sometimes requires interaction with uniformed law enforcement personnel.

A court's review of administrative actions is limited to the record made before the agency (*see Matter of Pascazi v New York State Bd. of Law Examiners*, 151 AD3d 1324 [3d Dept 2017]). Thus, it may not consider facts that were not developed as part of the administrative record or were not included therein. Moreover, "[a] court reviewing a determination of an administrative agency must judge the propriety of that determination solely upon the grounds invoked by the agency, and the court is powerless to affirm the agency through reasoning it deems more appropriate" (*Matter of Stern, Simms & Stern v Joy*, 48 AD2d 788, 788 [1st Dept 1975]). "If such grounds are inadequate or improper the court is powerless to affirm the action below by substituting what it considers a more adequate or proper basis" (*Al-Co Props. v Department of State*, 88 AD2d 88, 92 [4th Dept 1982]; *see Securities & Exch. Comm. v Chenery Corp.*, 332 US 194 [1947]; *Matter of Blum v D'Angelo*, 15 AD2d 909 [1st Dept 1962]).

Where, as here, an administrative determination is made, and there is no statutory requirement of a trial-type hearing, that determination must be confirmed unless it is arbitrary and capricious, affected by an error of law, or made in violation of lawful procedure (*see* CPLR 7803[3]; *Matter of Lemma v Nassau County Police Officer Indem. Bd.*, 31 NY3d 523 [2018]; *Matter of McClave v Port Auth. of N.Y. & N.J.*, 134 AD3d 435, 435 [1st Dept 2015]). Inasmuch as the petitioner does not allege that ACS committed any procedural violations, the court must thus consider only whether the challenged determination was arbitrary and capricious or affected by an error of law.

A determination is arbitrary and capricious where it is not rationally based, or has no support in the record (*see Matter of Gorelik v New York City Dept. of Bldgs.*, 128 AD3d 624 [1st

101407/2019 WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION        Page 3 of 10

3 of 10

Dept 2015]), i.e., it "is without basis in reason and is generally taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). A determination is also arbitrary and capricious where the decision-making agency failed to consider all of the factors it is required by statute to consider and weigh, or considered inappropriate factors (*see Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604 [2d Dept 2008]; *Matter of Pantelidis v New York City Bd. of Standards & Appeals*, 43 AD3d 314, 314 [1st Dept 2007]; *Matter of Fusco v Russell*, 283 AD2d 936, 936 [4th Dept 2001]).

An administrative determination is affected by an error of law where the agency incorrectly interprets or improperly applies a statute, regulation, or rule (*see generally Matter of CVS Discount Liquor v New York State Liq. Auth.*, 207 AD2d 891, 892 [2d Dept 1994]). "While agency interpretations of their own regulations are generally afforded considerable deference, courts must scrutinize administrative rules for genuine reasonableness and rationality in the specific context presented by a case" (*Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649, 654-655 [2013] [citations and internal quotation marks omitted]; *see Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]; *Matter of Dworman v New York State Div. of Hous. & Community Renewal*, 94 NY2d 359 [1999]; *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]). "While as a general rule courts will not defer to administrative agencies in matters of pure statutory interpretation, deference is appropriate where the question is one of specific application of a broad statutory term" (*Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006] [citations and internal quotation marks omitted]; *see Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]; *Matter of American Tel. & Tel. Co. v State Tax Comm.*, 61 NY2d 393, 400 [1984]).

The question thus presented by this proceeding is whether ACS's determination was made in good faith, was rational, and based only on permissible factors, or whether the reasons

101407/2019   WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION                          Page 4 of 10

4 of 10

proffered by ACS for its determination were pretextual, that is, the actual reason for denial of the application was in fact the petitioner's criminal record. The court concludes that, upon its review of the administrative record, and the in camera review of ACS's supplemental filing, ACS's determination was rational, based upon appropriate factors, and not discriminatory.

Correction Law § 752 provides that:

> "[n]o application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:
>
> "(1) there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or
>
> "(2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public."

Executive Law § 296(15) recites, in pertinent part, that:

> "It shall be an unlawful discriminatory practice for any . . .agency . . . , including the state and any political subdivision thereof, to deny any . . . employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of "good moral character" which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law."

Correction Law § 753 provides, in turn, that:

> "1. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors:
>
> "(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
>
> "(b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.

101407/2019   WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION                    Page 5 of 10

5 of 10

"(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.

"(d) The time which has elapsed since the occurrence of the criminal offense or offenses.

"(e) The age of the person at the time of occurrence of the criminal offense or offenses.

"(f) The seriousness of the offense or offenses.

"(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.

"(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

"2. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein."

Where a hiring agency fails to consider these factors, or irrationally concludes that the crime for which the applicant was convicted bore a direct relationship to the job requirement of working with minors, the determination not to hire the applicant may be annulled as arbitrary and capricious (*see Matter of Boone v New York City Dept. of Educ.*, 53 Misc 3d 380 [Sup Ct, N.Y. County 2016] [Moulton, J.]).

Crucially, however, a certificate of relief from disabilities "only creates a 'presumption of rehabilitation' with respect to the crime the individual was convicted of, [but] it does not create a prima facie entitlement to the [position] the person is applying for" (*Matter of Dempsey v New York City Dept. of Educ.*, 108 AD3d 454, 455 [1st Dept 2013]; *see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 614 [1988]). In other words, "any presumption of rehabilitation did not entitle petitioner to the position, as rehabilitation is only one of the factors to be considered" (*Matter of Stewart v New York City Dept. of Educ.*, 182 AD3d 472, 473 [1st Dept 2020]). Thus, as long as the hiring agency considered the factors enumerated in Correction Law § 753, the fact "[t]hat it afforded greater weight to factors unfavorable to petitioner than to factors favorable

101407/2019  WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION                Page 6 of 10

6 of 10

to him does not warrant the conclusion that it did not consider the favorable factors" (*Matter of Gorelik v New York City Dept. of Buildings*, 128 AD3d 624, 625 [1st Dept 2015]; *see Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 364-365 [1999]).

The administrative record, as supplemented by ACS's additional filing, reflects that there were numerous applicants for the position of YDS, and that there were many vacancies in that position on a rolling basis, in other words, the applicants were not competing for one slot. A review of the resumes and applications of the successful applicants reveals that all of them had significant prior experience as one-on-one youth counselors, the one qualification that ACS claimed that the petitioner lacked. Many of the successful applicants had extensive experience as one-on-one youth counselors working for ACS itself, other municipal agencies, private social service agencies, hospitals, and youth homes. In addition, several of the successful applicants had criminal records, and one successful applicant had been convicted of manslaughter. Hence, there is no basis for the petitioner's claim that ACS discriminated against him on the basis of his prior criminal record or that his qualifications necessarily were superior to any of the successful applicants.

The court rejects the petitioner's contention that ACS violated his First Amendment rights when it considered his published writings as a negative factor in evaluating his employment application. Where, as here, a person speaks out on an issue of public concern in his or her capacity as a citizen, rather than in any capacity as a public employee, the question that must be addressed is whether the governmental employer had an adequate justification for treating the employee differently than any other member of the general public. In determining whether a declarant's First Amendment rights have been violated, a court must balance the declarant's interest in freedom of expression against the employer's interest in restricting the speech in order to maintain an efficient workplace. The employee's speech is only protected if the employee's interest in free speech outweighs the employer's interest in restricting the speech (*see Garcetti v Ceballos*, 547 US 410 [2006]; *Connick v Myers*, 461 US 138 [1983];

101407/2019 WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION Page 7 of 10

7 of 10

*Pickering v Board of Educ. of Township High Sch. Dist. 205, Will County*, 391 US 563 [1968]). This analysis, known as the *Pickering* balancing test, applies not only to speech by current governmental employees, but also to hiring decisions made by public employers in connection with the speech of applicants for public employment (*see Worrell v Henry*, 219 F3d 1197, 1207 [10th Cir 2000]; *Bonds v Milwaukee County*, 207 F3d 969, 979 [7th Cir 2000]; *Shahar v Bowers*, 114 F3d 1097, 1102-1103 [11th Cir 1997]; *Hubbard v Environmental Protection Agency*, 949 F2d 453, 460 [D.C. Cir 1992]).

A governmental entity has fairly broad discretion in restricting speech when it acts in its capacity as an employer, but the restrictions that it imposes must be directed at speech that has some potential to affect its governmental operations (*see Garcetti v Ceballos*, 547 US at 418). Although the court might not have accorded the petitioner's writings the same level of significance as the ACS accorded them, the court may not substitute its judgment for that of ACS as it relates to its hiring decisions, and is constrained to determine only whether ACS's determination in this regard was completely irrational (*see Matter of Weiss v County of Nassau*, 176 AD3d 1085, 1086 [2d Dept 2019]) . Given this limitation, the court concludes that it was not irrational for ACS to consider the petitioner's published writings, in which he expressed hostility to law enforcement personnel and the criminal justice system generally. Even if the court agreed with the petitioner that his 15-year-old published writings constitute only general expressions of dissatisfaction with the criminal justice system that may reasonably be expected from someone who was both a criminal defendant and prisoner, it cannot be said that it was completely irrational and inappropriate for ACS to conclude that the attitudes expressed by the petitioner might impede or adversely affect his performance in a job that will require him to counsel youngsters on how to negotiate the often-fraught relationship between those at-risk youngsters and law enforcement personnel. Hence, consideration of the petitioner's prior writings, and the level of importance attached to those writings by ACS, did not render ACS's determination arbitrary and capricious or affected by an error of law.

101407/2019 WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION — Page 8 of 10

8 of 10

The court notes that, had the petitioner commenced a direct action against ACS pursuant to Executive Law § 298 alleging unlawful discrimination in hiring on the basis of his criminal record, rather than seeking judicial review pursuant to CPLR article 78, he would have had the opportunity to establish his claims only by the preponderance of the evidence (*see Stephenson v Hotel Emples. & Rest. Emples. Union Local 100 of AFL-CIO,* 6 NY3d 265, 270 [2006] *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). To establish a fact or claim by the preponderance of the evidence "means to prove that the fact is more likely than not to have occurred" (*Matter of Beautisha B. [Racquirine A.],* 115 AD3d 854, 854 [2d Dept 2014]). Inasmuch as the petitioner elected to challenge ACS's hiring decision via this CPLR article 78 proceeding, the court is constrained to apply the "arbitrary and capricious" standard of judicial review (*see* CPLR 7803[3]), which is far more deferential to the factual findings of the agency decision maker than is the "preponderance of the evidence" standard (*see Matter of Beck-Nichols v Bianco,* 20 NY3d 540, 559 [2013]). Indeed, the court may not conduct a de novo review of ACS's hiring determinations (*see Matter of Kotowski v Port Auth. of N.Y.& N.J.*, 2018 NY Slip Op 32134[U] [Sup Ct, N.Y. County, Aug. 30, 2018], *affd* 172 AD3d 513 [1st Dept 2019]). Nor will it second guess ACS's conclusion that numerous other applicants for the YDS position had more appropriate credentials and experience than those of the petitioner or were better candidates for the job.

Although the court commends the petitioner for his efforts in overcoming his past criminal conduct, "[e]ven though the court might have decided differently were it in the agency's position, the court may not upset the agency's determination in the absence of a finding, not supported by this record, that the determination had no rational basis" (*Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.*, 112 AD2d 72, 76 [1st Dept 1985], *affd* 66 NY2d 1032 [1985]). Thus, "[a] reviewing court . . . may not substitute its own judgment of the evidence for that of the administrative agency, but should review the whole record to determine

101407/2019 WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION
Page 9 of 10

9 of 10

whether there exists a rational basis to support the finding upon which the agency's determination is predicated" (*Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]).

The court concludes that, inasmuch as ACS's supplemental filing contains information that would reveal the identities of the applicants for the position of YDS, it declines to release the documents contained therein to the petitioner.

In light of the foregoing, it is

ORDERED that the respondent's cross motion to dismiss the petition is denied; and it is further,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

8/26/2020
DATE

JOHN J. KELLEY, J.S.C.

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

101407/2019   WHITFIELD, JOHN D. vs. CITY OF NY ADMINISTRATION

Page 10 of 10

10 of 10