UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JOHN WHITFIELD,                                                   :
                                                                  :
                          Plaintiff,                              :
                                                                  :    20-CV-4674 (JMF)
            -v-                                                   :
                                                                  :    MEMORANDUM OPINION
CITY OF NEW YORK, JOSEPH CARDIERI,                                :    AND ORDER
KATHLEEN SKOWYRA, JENNIFER FIELLMAN,                              :
PHOEBE ROSEN, and DAVID A. HANSELL,                               :
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff John Whitfield, proceeding without counsel, brings claims against the City of New York (the "City") and employees of the City's Administration for Children's Services ("ACS") arising out of ACS's rejection of his application to be a Youth Development Specialist. In brief, Whitfield, who served a lengthy prison term for murder (but maintains his innocence) and wrote an award-winning memoir while incarcerated, claims that Defendants discriminated against him and violated his First Amendment rights. He brings selective enforcement, First Amendment retaliation, and municipal liability claims pursuant to 42 U.S.C. § 1983 and discrimination claims under state law. *See* ECF No. 30 ("Am. Compl."), ¶¶ 74-212. Significantly, Whitfield raised nearly identical claims in a lawsuit he filed against ACS in New York Supreme Court pursuant to Article 78 of the New York Civil Practice Law & Rules, N.Y. C.P.L.R. §§ 7801 *et seq*. *See* ECF No. 34-1 ("Am. State Pet."). On August 26, 2020 (after this case was filed), the New York court dismissed that lawsuit on the merits. Am. Compl. ¶ 72; ECF No. 34-3 ("State Decision"). Although Whitfield is appealing that decision, Am. Compl.

¶ 73, Defendants here now move to dismiss, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that his claims are precluded by *res judicata*, ECF No. 33.

In determining whether *res judicata* applies to the New York Supreme Court's decision, this Court applies New York *res judicata* law. *See New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019). "Under New York law, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 193 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). More specifically, New York law bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Mountain Tobacco Co.*, 942 F.3d at 543 (internal quotation marks omitted). "New York courts apply a 'pragmatic' test to determine whether claims are part of the same transaction for res judicata purposes, examining whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (summary order) (internal quotation marks omitted).

Applying these standards here, the Court concludes that Whitfield's claims are plainly barred by *res judicata*. First, the state-court decision was "a final judgment on the merits." *Giannone*, 548 F.3d at 193 (internal quotation marks omitted). That is true even though an appeal from the judgment is pending. *See, e.g.*, *Sunnen v. U.S. Dep't of Health & Human Servs.*, No. 13-CV-1242 (PKC), 2013 WL 1290919, at *3 (S.D.N.Y. Mar. 28, 2013) (citing cases). Second, this case involves the same parties (Whitfield and ACS) or their privies (the City and employees of ACS) as the state-court action. *See id.* ("State officials sued in their official

capacities and the state agency that they work for are in privity for purposes of res judicata."). And finally, this case involves claims that "were or could have been raised" in the state-court action. *Giannone*, 548 F.3d at 193 (internal quotation marks omitted). Indeed, Whitfield's claims here are premised on the exact same set of facts and alleged misconduct as the facts and misconduct alleged in the state-court action. In both cases, his claims arise from ACS's rejection of his application to be a Youth Development Specialist, a rejection he asserts was due to discrimination on the basis of his background and retaliation for what he wrote in his memoir. *Compare* Am. State Pet. *with* Am. Compl. "[I]ndeed, the factual allegations in the federal complaint [are] nearly identical to the state-court petition." *Corbett v. City of New York*, 816 F. App'x 551, 553 (2d Cir. 2020) (summary order).

At bottom, there is only one remotely colorable argument against application of *res judicata* here: that it does not apply because Whitfield brought the state-court action pursuant to Article 78 and brings his federal claims here pursuant to Section 1983. Generally, *res judicata* "does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter." *Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir. 1995), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). But there is an important exception to that rule: It does not apply to "hybrid" state-court proceedings in which (1) a plaintiff sought both Article 78 relief and forms of relief that are not available in an Article 78 proceeding and (2) the state court ruled on the requests for non-Article 78 relief. *See Corbett*, 816 F. App'x at 553-34; *Russo v. City of New York*, 705 F. App'x 38, 39 (2d Cir. 2017) (summary order); *Sheffield*, 393 F. App'x at 812-13. *Sheffield* is instructive on that score. There, the plaintiff had brought an Article 78 action alleging discrimination, retaliation, and libel claims arising out of her termination. As here, the

state court dismissed the suit in its entirety after the plaintiff had filed a federal case pressing "precisely the same broad allegations." 393 F. App'x at 813. On appeal, the Second Circuit held that the federal action was barred by *res judicata* because the plaintiff had sought a mix of Article 78 relief and non-Article 78 relief (namely, money damages for defamation and violations of Title VII) and the state court had "adjudicated it as such." *Id.* at 812.

Here, as in *Sheffield*, "upon an examination of [the] state court petition and the manner in which the state court adjudicated it, it is evident that [Whitfield] brought a 'hybrid' action . . . and that the state court adjudicated it as such." *Id.* Specifically, in his state-court petition, he alleged discrimination and defamation in violation of, among other things, both state law and the First and Fourteenth Amendments, Am. State Pet. ¶¶ 51-107; alleged "emotional pain, suffering and injuries, and other damages and losses," *id.* ¶¶ 74, 88; *see also id.* ¶ 106; and sought, among other things, "compensatory and special damages, in amounts to be determined at trial," *id.* ¶¶ 74, 88; *see also id.* at page 29. In doing so, he went beyond the relief he could be awarded in a "pure" Article 78 proceeding. *See Sheffield*, 393 F. App'x at 812 (noting that "[a]ny damages awarded in Article 78 proceedings 'must be incidental to the primary relief sought by [the] petitioner' and must be 'such as [the petitioner could have recovered in a separate action] against the same body or officer in its or his official capacity'" (quoting N.Y. C.P.L.R. § 7806)). And in resolving his case, the state court "dismissed [the] claim for damages," *id.* at 813, explicitly noting that such dismissal was "on the merits," State Decision 2. "It is therefore clear" that Whitfield "commenced a hybrid action and that the state court treated it as such." *Sheffield*, 393 F. App'x at 813. In short, Whitfield's claims here "constitute 'issues that were or could have been raised' in the hybrid proceeding" and, accordingly, "are barred by res judicata." *Corbett*, 816 F. App'x at 554 (quoting *Giannone*, 548 F.3d at 193).

4

To be clear, the Court's decision here is not based on the nature of Whitfield's conduct; like the state court that dismissed Whitfield's state-court claims, the Court here "commends" Whitfield "for his efforts in overcoming" his criminal conviction. State Decision 9. It is not even based on the merits of Whitfield's claims; the Court need not and does not reach the merits. Instead, it is based on a "fundamental precept" of the American legal system: "that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.'" *Montana v. United States,* 440 U.S. 147, 153 (1979) (quoting *S. Pac. R.R. Co. v. United States,* 168 U.S. 1, 48 (1897)). Notably, that precept is "'strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts.'" *Sheffield*, 393 F. App'x at 813 n.3 (quoting *Reilly v. Reid*, 45 N.Y.2d 24, 28 (1978)). Thus, it matters not whether the state court committed error in dismissing Whitfield's case, as he argues. To the extent it did, "the proper course was to appeal the state court's decision" — as Whitfield has done — "rather than to seek to restart the case in federal court." *Id.*

For the foregoing reasons, Defendants' motion to dismiss must be and is GRANTED on the basis of *res judicata*.[1] **The Clerk of Court is directed to terminate ECF No. 33, to enter judgment in favor of Defendants, and to close this case.** (There is no need to mail a copy of this Memorandum Opinion and Order to Whitfield, as he has consented to receive Court filings through the ECF system. *See* ECF No. 19.)

---

[1] The Court need not and does not reach Defendants' other arguments for dismissal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 29, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge