UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN D. WHITFIELD

Write the full name of each plaintiff or petitioner.

Case No. 20 CV 4674 (JMF)

-against-

THE CITY OF NEW YORK, et. al.

NOTICE OF MOTION FOR RECONSIDERATION & REARGUMENT OF DISMISSAL OF FIRST AMENDED COMPLAINT BASED ON RES JUDICATA

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that Plaintiff John D. Whitfield

    plaintiff or defendant     name of party who is making the motion

requests that the Court: On May, 13, 2021 at 9:30 AM grant his motion pursuant to S.D.N.Y. Local Rule 6.3 and Federal Rules of Civil Procedure Rule 59(e) seeking reconsideration and reargument of this Court's April 29, 2021 Memorandum Opinion and Order, and April 30, 2021 Judgment, dismissing the First Amended Complaint on the basis res judicata.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

- ◉ a memorandum of law
- ☐ my own declaration, affirmation, or affidavit
- ☐ the following additional documents:

May 4, 2021
Dated

John D. Whitfield
Signature

*Digital Signer: John D. Whitfield*
*DN: C=US, E=johnwhitfield471@gmail.com, CN=John D. Whitfield*
*Date: 2021.05.03 16:41:47 -04:00*

John D. Whitfield
Name

Prison Identification # (if incarcerated)

10201 Flatlands Ave # 52
Address

Brooklyn   NY   11236
City    State    Zip Code

347-355-9083
Telephone Number (if available)

johnwhitfield471@gmail.com
E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN D. WHITFIELD

                      Plaintiff,

v.

CITY OF NEW YORK, officially
JOSEPH CARDIERI, individually;                    20 CV 4674 (JMF)
KATHLEEN SKOWYRA, individually;
JENNIFER FIELLMAN, ESQ, individually;
PHOEBE ROSEN, individually;
DAVID A. HANSELL, individually;

                      Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT OF DISMISSAL OF THE FIRST AMENDED COMPLAINT ON THE BASIS OF RES JUDICATA**

JOHN D. WHITFIELD, Pro-Se
Plaintiff
10201 Flatlands Avenue #52
Brooklyn, NY 11236
347-355-9083
johnwhitfield471@gmail.com

May 4, 2021

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 1

I. RECONSIDERATION AND REARGUMENT ................................................................... 3

II. RECONSIDERATION AND REARGUMENT PURSUANT TO
LOCAL RULE 6.3 AND FRCP 59(e) SHOULD BE GRANTED
BECAUSE THE STATE COURT ADJUDICATED ALL CLAIMS
BASED SOLELY ON THE ARBITRARY AND CAPRICIOUS
STANDARD OF JUDICIAL REVIEW .................................................................................. 4

III. RECONSIDERATION AND REARGUMENT PURSUANT TO
LOCAL RULE 6.3 AND FRCP 59(e) SHOULD BE GRANTED
BECAUSE THIS COURT MAY HAVE OVERLOOKED FACTUAL
MATTERS PLACED BEFORE THIS COURT IN THE UNDERLYING
MOTION TO DISMISS ........................................................................................................... 6

IV. RECONSIDERATION AND REARGUMENT PURSUANT TO
LOCAL RULE 6.3 AND FRCP 59(e) SHOULD BE GRANTED TO
CORRECT THIS CLEAR ERROR AND TO PREVENT MANIFEST
INJUSTICE .............................................................................................................................. 8

CONCLUSION ....................................................................................................................... 11

# **TABLE OF AUTHORITIES**

### **Cases**

*Abdelal v. Kelly*, 17-1166-cv, at *8 (2d Cir. Feb. 21, 2018) ................................................................ 8

*Adams v. Cunningham, No. 9:07-cv-00328-JKS, at *4 (*N.D.N.Y. Dec. 9, 2008) ................................................................................................................................ 8

*Best Payphones, Inc. v. Dobrin,* 410 F. Supp. 3d 457, 473 (E.D.N.Y. 2019) .............................. 9, 10

*Corbett v. City of New York,* 19-2152, at *5 (2d Cir. Jun. 4, 2020) ...................................................... 9

*Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) .............................................................. 8, 10

*Doe v. New York City Dept. of Social Services,* 709 F.2d 782, 789 (2d Cir. 1983) ................................................................................................................................ 3

*Great American Ins. Co. v. J. Aron & Co.*, No. 94 Civ. 4420, 1996 WL 14455, at *2 (SDNY Jan. 16, 1996) ....................................................................................... 7

*Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 52 (2d Cir. 1983) ................................................................................................................................ 11

*Johnson v. New York City,* 10 Civ. 5359 (PKC) (JLC), at *2 (S.D.N.Y. Jun. 21, 2011) ................................................................................................................................ 3

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc*., No. 86 Civ. 6447, 1989 WL 162315, at *3 (SDNY Aug. 4, 1989) ..................................................................................... 7

*Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54 (2d Cir. 2004) ....................................................... 11

*Prado-Steiman v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ....................................................... 11

*Rothstein v. Carriere*, 373 F.3d 275, 291 (2d Cir. 2004) ............................................................... 10

*Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999) ................................ 3

*Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808 (2d Cir. 2010) ................................................................................................................................ 8

Singh v. City of N.Y., 19-CV-5030 (PKC) (RER), at *17 (E.D.N.Y. Sep. 24, 2020) ................................................................................................................................ 10

*Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54-55 (2d Cir. 1978) ........................................ 10

*Surowitz v. New York City Emp. Retirement System*, 376 F. Supp. 369, 373 (S.D.N.Y. 1974) ................................................................................................................. 10

*U.S. v. Keppler*, 2 F.3d 21 (2d Cir. 1993) ............................................................................. 10

*U.S. v. Surasky,* 974 F.2d 19, 21 (5th Cir. 1992) .................................................................. 11

*United States v. Hilliard*, No. 17 Cr. 35-01 (VB) (S.D.N.Y. Jan. 29, 2021) ......................... 7

*Van Nijenhoff v. Bantry Transp. Co.,* 791 F.2d 26, 28 (2d Cir. 1986) ................................... 8

*Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2nd Cir. 1992) ...................................................................................................................... 3

## **Statutes**

Federal Rules of Civil Procedure Rule 59(e) .................................................................. 1, 3, 4

FRCP 59(e) ........................................................................................................................ 6, 8

LOCAL RULE 6.3 ............................................................................................................. *6, 8*

S.D.N.Y. Local Rule 6.3 ................................................................................................. 1, 3, 4

## **State Statutes**

Article 75 ................................................................................................................................ 9

Article 78 ....................................................................................................................... passim

*CPLR 103-c* ..................................................................................................................... 2, 10

CPLR 3025 (b) ....................................................................................................................... 2

CPLR 3211(a)(1), (5), and (7) ............................................................................................... 9

*CPLR 7803 [3]* ................................................................................................................... 4, 5

Executive Law 298 ................................................................................................................. 5

## **State Cases**

*In re Application of Bridgeview Garden Apts.,* 2004 N.Y. Slip Op. 51001 (N.Y. Sup. Ct. 2004) ...................................................................................................... 10

*Matter of Cortis,* 46 A.D.2d 32, 33 (3rd Dept. 1974) ............................................................. 8

*Pell v. Board of Education*, 34 N.Y.2d 222, 231 (1974)..................................................................5

*Scherbyn v. Wayne Finger Lakes Board of Cooperative Educational
    Services*, 77 N.Y.2d 753 (1991) ..............................................................................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN D. WHITFIELD

                        Plaintiff,

v.                                                        20 CV 4674 (JMF)

CITY OF NEW YORK, et. al.

                        Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT OF DISMISSAL OF THE FIRST AMENDED COMPLAINT ON THE BASIS OF RES JUDICATA**

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted on behalf of Plaintiff John D. Whitfield in support of his motion pursuant to S.D.N.Y. Local Rule 6.3 and Federal Rules of Civil Procedure Rule 59(e) seeking reconsideration and reargument of this Court's April 29, 2021 Memorandum Opinion and Order, and April 30, 2021 Judgment, dismissing the First Amended Complaint on the basis of res judicata.

**STATEMENT OF FACTS**

On September 11, 2019, Plaintiff commenced an Article 78 proceeding in New York County Supreme Court by filing a verified petition asserting that the Defendants' determination was arbitrary, capricious, and an abuse of discretion (Pl. Ex 1).

On October 4, 2019, Defendants filed a cross-motion to dismiss the petition. In an affidavit, sworn to on the 28th day of October 2019, Plaintiff opposed the motion to dismiss the

1

petition (Pl. Ex 2). On November 12, 2019, Plaintiff filed and served on Defendants an addendum affidavit in support of his opposition to the cross-motion to dismiss along with a request for "leave to amend and replead his petition pursuant to CPLR 3025 (b)" (Defts' Ex A ¶ 50). Plaintiff's proposed amended verified petition, sworn to on the 11th day of November 2019, presented three causes of action that were in fact action in law claims (i.e., employment discrimination, freedom of speech violation and defamation) (Defts' Ex A).

On November 26, 2019, the state court denied Defendants' cross motion to dismiss the petition and granted Plaintiff's request for leave to amend the verified petition.

On December 30, 2019, Defendants served their verified answer to the Plaintiff's amended verified petition (Pl. Ex 3). On January 18, 2020, Plaintiff filed his verified reply to Defendants' verified answer (Pl. Ex 4) and attempted to convert the causes of action raised in the amended verified petition into an action in law claims. Plaintiff raised the following issues:

> 1) The Respondent violated Plaintiff's First Amendment Rights to Freedom of Speech (¶¶ 17-26); 2) The Reasons for Denying Plaintiff the YDS Job was Arbitrary and Capricious (¶¶ 27-37); 3) Respondent Failed to Consider a Substantial Amount of Favorable Evidence (¶¶ 38-39); 4) Circumvention of Correction Law, Article 23-A (¶¶ 40-45); 5) Defamation Per Se (¶¶ 46-50); *6) Request to Convert Causes of Action Pursuant to CPLR 103-c* (¶ 51) and; 7) Request for Leave to Serve Late Notice of Claim (¶ 52).

On or about June 11, 2020, Plaintiff commenced this 1983 lawsuit, after finding out via research dealing with Article 78 petitions and discovered that this proceeding was inadequate to safeguard his right to at least one meaningful opportunity to get "his day in court" (see 1st Amend Compl. ¶ 69).

On August 26, 2020, the state court denied the petition and dismissed the Article 78 proceeding. The state court judge not only did not convert Plaintiff's claims raised in the amended petition into action in law claims, but explicitly stated that all of the claims raised in the

amended verified petition were considered based solely on the Article 78 standard of review (Defts' Ex C).

## I. RECONSIDERATION AND REARGUMENT

To succeed on a motion for reconsideration or reargument, the moving party "must demonstrate that the court overlooked the controlling decisions or factual matters that were placed before the court in the underlying motion." *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atlantic Airways v. Nat. Mediation Bd.*, 956 F.2d 1245, 1255 (2nd Cir. 1992); *Doe v. New York City Dept. of Social Services,* 709 F.2d 782, 789 (2d Cir. 1983). Moreover, "[t]he standards for relief under Local [] Rule 6.3 and Rule 59(e) are identical." *Johnson v. New York City,* 10 Civ. 5359 (PKC) (JLC), at *2 (S.D.N.Y. Jun. 21, 2011).

It is respectfully submitted that in concluding that Plaintiff "brought a 'hybrid' action . . . and that the state court adjudicated it as such" (Memorandum Opinion & Order at pgs. 4), this Court may have overlooked the state court's explicit statements regarding the manner in which it had adjudicated the issues raised in the Article 78 proceeding. Because Plaintiff placed this factual matter before the court in his opposition to the motion to dismiss, and the material factual matters overlooked would likely change the court's decision, there is the need to correct this "clear error" to "prevent manifest injustice."

## II. RECONSIDERATION AND REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND FRCP 59(e) SHOULD BE GRANTED BECAUSE THE STATE COURT ADJUDICATED ALL CLAIMS BASED SOLELY ON THE ARBITRARY AND CAPRICIOUS STANDARD OF JUDICIAL REVIEW

A perfunctory review of the state court's decision demonstrates that it utilized the Article 78 standard of review when it adjudicated all of Plaintiff's claims. Indeed, the state court stated the following:

> "Where, as here, an administrative determination is made, and there is no statutory requirement of a trial-type hearing, *that determination must be confirmed unless it is arbitrary and capricious, affected by an error of law, or made in violation of lawful procedure (see CPLR 7803 [3]* . . . In as much as the petitioner does not allege that ACS committed any procedural violations, *the court must thus consider **only** whether the challenged determination was arbitrary and capricious or affected by an error of law*" (Defts' Ex C: state court's decision pg. 3).

The fact that the state court explicitly articulated the basis of its ruling when it stated that it "must [ ] consider ***only*** whether the challenged determination was arbitrary and capricious . . ." makes it clear that the state court did not adjudicate Plaintiff's claims as a hybrid Article 78/direct action/action in law.

With respect to the employment discrimination and First Amendment claims, the state court explicitly made it clear that it adjudicated these claims based solely on the Article 78 standard of judicial review, and plainly stated this fact. Here, the state court judge stated:

> "Although the court might not have accorded the petitioner's writing the same level of significance as the ACS accorded them, the court may not substitute its judgment for that of ACS as it relates to its hiring decisions, and is constrained to determine *only* whether ACS's determination in this regard was completely *irrational* . . . Hence, consideration of petitioner's prior writings, and the level of importance attached to those writings by ACS, did not render ACS's determination *arbitrary and capricious or affected by an error of law*." (Defts' Ex C: state court's decision pg. 8).

4

Of even greater significance, the state court also presented a scenario of what may have occurred if Plaintiff had commenced an action in law (i.e., direct action) instead of an Article 78 proceeding:

> "The court notes that, had petitioner commenced a direct action against ACS pursuant to Executive Law 298 alleging unlawful discrimination in hiring on the basis of his criminal record, *rather than seeking judicial review pursuant to Article 78*, he would have had the opportunity to establish his claims only by the preponderance of the evidence . . . *In as much as petitioner elected to challenge ACS's hiring decision via this Article 78 proceeding, this court is constrained to apply the 'arbitrary and capricious' standard of judicial review (see CPLR 7803[3])*, which is far more deferential to the factual findings of the agency decision maker than is the 'preponderance of the evidence' standard." (Defts' Ex C: state court's decision pg. 9).

Thus, the state court's statements make unequivocally clear that it did not apply both Article 78 and "direct action" standards of judicial review, since it unambiguously stated that its entire decision was based solely on the "arbitrary and capricious standard of judicial review." Indeed, nowhere in this decision did the state court even insinuate that it was utilizing a standard of review other than the Article 78 standard of judicial review.

Furthermore, it is beyond dispute that judicial review based on standards such as "arbitrary and capricious", "affected by an error of law", "made in violation of lawful procedure", "irrational", etc., are standards of judicial review that apply exclusively to Article 78 proceedings and are not used in action in law ("direct action") litigation. See CPLR 7803(3) ("whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion"); *Pell v. Board of Education*, 34 N.Y.2d 222, 231 (1974); *Scherbyn v. Wayne Finger Lakes Board of Cooperative Educational Services*, 77 N.Y.2d 753 (1991).

Thus, this court may have overlooked the state court's refusal to entertain Plaintiff's request to convert the Article 78 into an action in law proceeding (Pl. Ex 4 ¶ 51) and adjudicated the case solely in accordance with the Article 78 standard of judicial review.[1]

## III. RECONSIDERATION AND REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND FRCP 59(e) SHOULD BE GRANTED BECAUSE THIS COURT MAY HAVE OVERLOOKED FACTUAL MATTERS PLACED BEFORE THIS COURT IN THE UNDERLYING MOTION TO DISMISS

In the memorandum of law in support of opposition to the Defendants' motion to dismiss, Plaintiff specifically argued that the state court judge adjudicated the claims raised in the amended verified petition based solely on the Article 78 standard of judicial review. Indeed, Plaintiff stated the following:

> "The state court in its decision explicitly acknowledged that Article 78 proceedings are limited and "the 'arbitrary and capricious' standard of judicial review [was] far more differential to the factual findings of an agency decision maker than is the 'preponderance of the evidence' standard" (Defts Ex C, pg. 9)." See Page 7, fn. 5 of Plaintiff's Memo of Law in Opposition.

Plaintiff also demonstrated that the Article 78 standard of review was the only standard of review the state court utilized in making its determination on the Article 78 proceeding when Plaintiff stated:

> ". . . the claims in this §1983 action were not only never actually and necessarily decided in the Article 78 proceeding, but Plaintiff clearly did not have a full and fair opportunity to litigate these issues. *The state court made unequivocally clear that it did not decide any of Plaintiff's federal claims when the state court explicitly indicated in its decision that it restricted its ruling to the 'arbitrary and capricious' standard of judicial review'* (Defts Ex C. pg. 3)( *'the court must thus consider only whether the challenged determination was arbitrary and capricious or affected by error of law'*). *In fact, the state court stated, "had [Plaintiff] commenced a direct action*

---

[1] Solely because Plaintiff sought to convert his Article 78 claims into "direct action" claims (i.e., a hybrid state court proceeding), does not alter the indisputable fact that the state court's decision confirms conclusively that the state court did not convert the Article 78 into a "hybrid" state court proceeding nor did it adjudicate any of Plaintiff's causes of action based on a standard of judicial review other than the Article 78 standard of review.

6

> *against ACS . . . he would have had the opportunity to establish his claims only by the preponderance of the evidence", and further emphasized that "the 'arbitrary and capricious' standard of judicial review [was] far more differential to the factual findings of an agency decision maker than is the 'preponderance of the evidence' standard' (Defts Ex C, pg. 9).*" See Page 8 of Plaintiff's Memo of Law in Opposition.

Had this Court not overlooked the above-mentioned pages in the state court's decision that Plaintiff specifically cited in the memo of law in opposition to the motion to dismiss, it would have been obvious that the Article 78 proceeding was adjudicated solely on the Article 78 standard of judicial review.[2]

Therefore, this motion for reconsideration and reargument does "not advance new facts, issues, or arguments not previously presented to the court," *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *3 (SDNY Aug. 4, 1989), nor is Plaintiff attempting "to use [this] motion to reargue as a substitute for appealing from a final judgment." *Great American Ins. Co. v. J. Aron & Co.*, No. 94 Civ. 4420, 1996 WL 14455, at *2 (SDNY Jan. 16, 1996). Thus, "reconsideration is both appropriate and warranted in this case to correct clear error and prevent manifest injustice, since the Court overlooked matters that were properly before the Court at the time of its [April 29, 2021] decision, that may very well have changed the Court's decision." *United States v. Hilliard*, No. 17 Cr. 35-01 (VB) (S.D.N.Y. Jan. 29, 2021).

---

[2] Although Plaintiff did not extensively highlight the state judge's specific statements that confirmed that the state court adjudicated all his claims pursuant to the Article 78 standard of judicial review as now presented in this motion, Plaintiff did cite the pages in the state court's decision that supported his argument that res judicata was inapplicable to this case (see memo of law in support of opposition pgs. 7-9).

7

## IV. RECONSIDERATION AND REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND FRCP 59(e) SHOULD BE GRANTED TO CORRECT THIS CLEAR ERROR AND TO PREVENT MANIFEST INJUSTICE

As demonstrated above, a "clear error" occurred when this court ruled that "upon an examination of [the] state court petition and the manner in which the state court adjudicated it, it is evident that [Whitfield] brought a 'hybrid' action . . . and that the state court adjudicated it as such." (Memorandum Opinion & Order at pgs. 4). Indeed, it is true that Plaintiff attempted to convert his Article 78 into a "hybrid action" (Pl. Ex 4 ¶ 51), but it is completely inaccurate to assert that the state court granted that request and "adjudicated it as such" because this statement is plainly incorrect (Defts' Ex C) and has "no support in the record." *Van Nijenhoff v. Bantry Transp. Co.,* 791 F.2d 26, 28 (2d Cir. 1986); *Matter of Cortis,* 46 A.D.2d 32, 33 (3rd Dept. 1974).

Since this court overlooked the fact the state court adjudicated the claims based solely on the Article 78 standard of review, and overlooked the well-established fact that when such issues are adjudicated on grounds of an Article 78 standard of review those issues will not be barred by res judicata, *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986); *Abdelal v. Kelly*, 17-1166-cv, at *8 (2d Cir. Feb. 21, 2018), reconsideration is necessary to correct clear error and to prevent manifest injustice. *Adams v. Cunningham, No. 9:07-cv-00328-JKS, at *4 (*N.D.N.Y. Dec. 9, 2008) ("This court having overlooked controlling authority, the prior decision was the result of a clear error of law, and a refusal to revisit that prior decision would work a manifest injustice").

An additional clear error occurred when this court overlooked the fact that the cases it cited in support of its conclusion that the state court in this case adjudicated the Article 78 as a hybrid action, made clear that the state court decisions in those cases explicitly stated that the state court proceedings were adjudicated as hybrid actions. In *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808 (2d Cir. 2010), a case this court heavily relied upon

**8**

(Memorandum Opinion & Order at pgs. 2 & 3-4), there was no doubt the Plaintiff in that case commenced "a hybrid Article 75/Article 78/plenary action." Id. 812-813. Sheffield sought relief ranging from "reinstatement of employment" to "compensatory and punitive damages," Id. 812, and was not "statutorily or jurisdictionally precluded from obtaining complete relief" via the Article 75/Article 78/plenary actions. Of even greater importance, the state court "dismissed Sheffield's entire petition pursuant to CPLR 3211(a)(1), (5), and (7)" and made clear that it had treated Sheffield's petition as a "hybrid action." Id. 813.[3]

These cases this court relied upon have no bearing on the case at bar because the state court in this case explicitly stated that it did not make its ruling on the basis of a "hybrid action", and in fact, plainly stated that it was based solely on the Article 78 standard of judicial review (Defts' Ex C).

In any event, a series of Federal courts have held that "it would be unjust to preclude Plaintiff from raising his claims in federal court on [the] basis" that he "could have brought a hybrid action." *Best Payphones, Inc. v. Dobrin,* 410 F. Supp. 3d 457, 473 (E.D.N.Y. 2019).

---

[3] In *Corbett v. City of New York,* 19-2152, at *5 (2d Cir. Jun. 4, 2020), a case this court also placed strong emphasis on (Memorandum Opinion & Order at pgs. 3 & 4), indicated that "Corbett's state-court action [ ] was not a simple Article proceeding," and specifically stated that "[it] was a hybrid proceeding." Id. Because "the Supreme Court and First Department addressed the non-Article 78 claims on the merits, rendering the state proceeding a hybrid proceeding . . ., Corbett's claims . . . [were] barred by res judicata." Id. at 5. The other cases this court cited were all resolved in a similar manner (Memorandum Opinion & Order at pgs. 4).

9

*Singh v. City of N.Y.*, 19-CV-5030 (PKC) (RER), at *17 (E.D.N.Y. Sep. 24, 2020) ("Courts in this circuit accordingly have not held that res judicata bars a Plaintiff's claim for money damages where the Plaintiff 'did not bring a hybrid action and may not have been able to in the first instance'").[4]

As a result, it was clear error for this court "to depart from binding Second Circuit precedent which holds that an Article 78 proceeding does not bar a subsequent civil-rights claim of damages where a Plaintiff may have been barred from seeking such damages in the Article 78 proceeding." *Best Payphones, Inc. v. Dobrin,* 410 F. Supp. 3d 457, 473 (E.D.N.Y. 2019)(citing *Davidson v. Capuano*, 792 F.2d 275, 282 (2d Cir. 1986)).

This court's ruling that "it is evident that [Whitfield] brought a 'hybrid' action . . . and that the state court adjudicated it as such," (Memorandum Opinion & Order at pgs. 4), is a clear error leading to manifest injustice because it "is wholly without legal support." *Sojak v. Hudson Waterways Corp.*, 590 F.2d 53, 54-55 (2d Cir. 1978); *Rothstein v. Carriere*, 373 F.3d 275, 291 (2d Cir. 2004)(Manifest injustice exists where [an order] is wholly without legal support); *U.S. v. Keppler*, 2 F.3d 21 (2d Cir. 1993) (Noting that plain errors "affect . . . substantial rights . . . the violation of which would result in manifest injustice").

Moreover, a failure to rectify this clear error will cause manifest injustice by making Plaintiff "the 'victim' of the maxim that justice delayed is justice denied." *Surowitz v. New York City Emp. Retirement System*, 376 F. Supp. 369, 373 (S.D.N.Y. 1974); see also *Harding v.*

---

[4] In addressing the issue of "hybrid action[s]", New York State Courts have held that "[w]ithout some form of conversion, however, the Court cannot award [damages] in an Article 78 proceeding brought solely to review [an agency's] adverse determination[]." *In re Application of Bridgeview Garden Apts.*, 2004 N.Y. Slip Op. 51001 (N.Y. Sup. Ct. 2004). Because the state court in this case did not convert the Article 78 pursuant to CPLR 103-c, and the state court adjudicated the proceeding as an Article 78 brought solely to review ACS's determination, "Plaintiff's § 1983 [] for monetary damages are not barred by res judicata." Id.

*Federal Reserve Bank of New York*, 707 F.2d 46, 52 (2d Cir. 1983). There is no doubt that "appeals are inherently disruptive, time-consuming, and expensive*." Prado-Steiman v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000). Since Plaintiff's argument presented in this motion "is virtually certain to succeed if considered on appeal,*" Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54 (2d Cir. 2004), "manifest injustice will occur if [this court] fail to consider [plaintiff's] claims based on [res judicata]." Id.

In sum, these clear errors leading to manifest injustice are "so obvious that [this court's] failure to notice it would seriously affect the fairness, integrity, or public reputation of [] judicial proceedings and result in a miscarriage of justice." *U.S. v. Surasky,* 974 F.2d 19, 21 (5th Cir. 1992).

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's request for reconsideration and reargument of the April 29, 2021 Memorandum Opinion and Order, and April 30, 2021 Judgment, dismissing the First Amended Complaint on the basis of res judicata, and should reinstate the First Amended Complaint together with such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
May 4, 2021

Respectfully submitted,

*John D. Whitfield*

John D. Whitfield, Plaintiff, Pro Se

**11**