```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
JOHN D. WHITFIELD,                                                   :
                                                                     :
                           Plaintiff,                                :
                                                                     :        20-CV-4674 (JMF)
              -v-                                                    :
                                                                     :        MEMORANDUM OPINION
CITY OF NEW YORK et al.,                                             :             AND ORDER
                                                                     :
                           Defendants.                               :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 29, 2021, the Court entered a Memorandum Opinion and Order (the "Opinion") granting Defendants' motion to dismiss Plaintiff John Whitfield's claims on the ground that they were precluded by *res judicata* because he had "raised nearly identical claims in a lawsuit he [had] filed" in New York state court pursuant to Article 78 of the New York Civil Practice Law & Rules, N.Y. C.P.L.R. § 7801 *et seq. Whitfield v. City of New York*, No. 20-CV-4674 (JMF), 2021 WL 1700592, at *1 (S.D.N.Y. Apr. 29, 2021) (ECF No. 44). The Court acknowledged that *res judicata* does not generally bar a lawsuit brought pursuant to 42 U.S.C. § 1983 "following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter." *Id.* at *2 (internal quotation marks omitted). But the Court found that an exception to this rule — for "'hybrid' state-court proceedings in which (1) a plaintiff sought both Article 78 relief and forms of relief that are not available in an Article 78 proceeding and (2) the state court ruled on the requests for non-Article 78 relief" — applied. *Id.* Whitfield now moves, pursuant to Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, for reconsideration, arguing that the Court erred in concluding that he had "brought a 'hybrid' action and that the state court adjudicated it as such." ECF No. 46 ("Pl.'s

Mot."), at 3 (cleaned up).  Whitfield also moves, pursuant to Rule 11, for sanctions against the City of New York based on its opposition to his motion.  ECF No. 54 ("Pl.'s Sanctions Mot.").

Rule 59 and Local Civil Rule 6.3 "permit[] a party to move for reconsideration based on matters or controlling decisions which [the party] believes the court has overlooked."  *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (quotation marks and citations omitted).  Significantly, however, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  "The standard for granting [a motion for reconsideration] is strict."  *Id*.  The motion will be granted "only where the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021) (summary order) (internal quotation marks omitted).  Measured against these strict standards, Whitfield's motion for reconsideration falls short.  Whitfield identifies no matter or controlling authority that the Court overlooked; instead, he merely seeks to relitigate the question of whether his suit is barred by *res judicata*.  *See, e.g.*, *Goldner v. Edwards*, No. 20-CV-2764 (AT), 2020 WL 1812740, at *1 (S.D.N.Y. Apr. 9, 2020); *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003).

In any event, even if the Court were to consider the question *de novo*, Whitfield provides no basis to reach a different conclusion.  As an initial matter, Whitfield is plainly wrong in asserting that he brought an "unadulterated" Article 78 petition rather than a hybrid proceeding.

2

ECF No. 58 ("Pl.'s Reply"), at 8.[1]  As the Court noted in its earlier Opinion, *see Whitfield*, 2021 WL 1700592, at *2, Whitfield in his state-court petition alleged discrimination and defamation in violation of, among other things, both state law and the First and Fourteenth Amendments, ECF No. 34-1, ¶¶ 51-107; alleged "emotional pain, suffering and injuries, and other damages and losses," *id.* ¶¶ 74, 88; *see also id.* ¶ 106; and sought, among other things, "compensatory and special damages, in amounts to be determined at trial," *id.* ¶¶ 74, 88; *see also id.* at 29.  In doing so, "he went beyond the relief he could be awarded in a 'pure' Article 78 proceeding." *Whitfield*, 2021 WL 1700592, at *2 (quoting *Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F. App'x 808, 812 (2d Cir. 2010) (summary order) (noting that "[a]ny damages awarded in Article 78 proceedings 'must be incidental to the primary relief sought by [the] petitioner' and must be 'such as [the petitioner could have recovered in a separate action] against the same body or officer in its or his official capacity'" (quoting N.Y. C.P.L.R. § 7806)).  It follows that the proceeding was brought as a hybrid proceeding.  *See Corbett v. City of New York*, 816 F. App'x 551, 554 (2d Cir. 2020) (summary order) (concluding that a proceeding "was a hybrid proceeding, seeking both Article 78 relief *and*" two other kinds of relief, "neither [of which] is available in an Article 78 proceeding"); *accord Sheffield*, 393 F. App'x at 812.

Whether the state court adjudicated Whitfield's petition as a hybrid proceeding is a closer question, but the better view is that it did.  The state court did not "sever[] the Article 78 claims and the plenary claims for damages" as it could have had it not intended to rule on both. *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 509 (E.D.N.Y. 2019) (citing *Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 347 (1999) ("Plaintiff commenced the instant plenary

---

[1]  Whitfield's assertion is particularly puzzling insofar as he concedes in his initial memorandum of law seeking reconsideration that he "attempted to convert his Article 78 into a 'hybrid action.'"  Pl.'s Mot. 8.

3

action under 42 U.S.C. § 1983 in order to litigate the civil rights claims for damages that were severed from the prior [Article 78] proceeding."); *Powell v. City of New York*, 847 N.Y.S.2d 898, 2007 WL 2108133, at *4 (N.Y. Sup. Ct. 2007) ("[T]he first cause of action of the petition-complaint is severed, and the Article 78 petition is denied and the proceeding is severed and dismissed.")). Nor did the state court "dismiss[] the Article 78 claims when brought in a hybrid fashion." *Best Payphones*, 410 F. Supp. 3d at 509-10 (citing *Krol v. Zoning Bd. of Appeals of the Vill. of Mamaroneck*, 924 N.Y.S.2d 310, 2011 WL 499212, at *1 (N.Y. Sup. Ct. 2011) (denying a motion "to convert certain portions of his Petition to a plenary action for declaratory relief and to amend the Petition.")). Instead, the state court dismissed Whitfield's petition in its entirety and "on the merits" — that is, it dismissed *both* Whitfield's claims for Article 78 relief and his claims for relief not available in an Article 78 proceeding. *See* ECF No. 34-3 ("State Decision"), at 2. As in *Sheffield*, the fact that the state court "did not specifically mention" Whitfield's non-Article 78 claims is immaterial. 393 F. App'x at 813. "[T]he court's dismissal of the entire petition necessarily involved the dismissal of [the non-Article 78] claims as well." *Id.*

To be sure, at various points in its decision, the state court explicitly invoked the standards applicable to Article 78 proceedings. *See, e.g.*, State Decision 3-5, 8-9. Whitfield seizes on this language to argue that the state court did treat his petition as an unadulterated Article 78 proceeding. *See* Pl.'s Mot. 2-7; Pl.'s Reply 1, 5-6. But the state court also addressed at least some of Whitfield's non-Article 78 claims on the merits. For example, applying the "*Pickering* balancing test" to weigh a "declarant's interest in freedom of expression against [an] employer's interest in restricting the speech in order to maintain an efficient workplace," the court "reject[ed] the petitioner's contention that [Administration for Children's Services had] violated his First Amendment rights when it considered his published writing as a negative factor

4

in evaluating his employment application." State Decision 7-8. And regardless, Whitfield ignores the fact that he brought a hybrid petition and that the state court dismissed the petition in its entirety, without severing his claims or dismissing one species of claim without prejudice. In short, Whitfield "clearly presented . . . claims . . . [that] were inappropriate for . . . Article 78 review, and the state court adjudicated those claims," meaning that "the state court also treated the case as a hybrid . . . Article 78/plenary action, and [the Court] must view it as such for preclusion purposes." *Sheffield*, 393 F. App'x at 813; *see also, e.g.*, *Merced v. Ponte*, 807 F. App'x 127, 128 (2d Cir. 2020) (summary order) (affirming dismissal based on *res judicata* where the district court had concluded that the "Article 78 proceeding [was an] adjudication[] on the merits, and the claims asserted below were, or could have been, raised in the prior state court actions"); *Green Materials of Westchester v. Town of Cortlandt*, No. 15-CV-3257 (VB), 2015 WL 9302838, at *7 (S.D.N.Y. Dec. 21, 2015) (applying claim preclusion even where plaintiffs did not actually raise the specific constitutional claims because the plaintiffs "initially brought a 'hybrid' Article 78 proceeding accompanied by a declaratory judgment claim and thus could also have brought constitutional claims").

In short, Whitfield's claims in this suit are barred by *res judicata*. Accordingly, Whitfield's motion for reconsideration must be and is DENIED. It follows that his motion for sanctions against the City of New York — based only on the fact that the City opposed his motion for reconsideration, *see* Pl.'s Sanctions Mot. 4 — is also DENIED as frivolous.

The Clerk of Court is directed to terminate ECF Nos. 46 and 54.

SO ORDERED.

Dated: February 24, 2022
      New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge