

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | RACHEL KREUTZER<br>Labor and Employment Law Division<br>Phone: (212) 356-4083<br>Email: rkreutze@law.nyc.gov |

December 31, 2024

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

        Re:  John D. Whitfield v. City of New York, et al.
             Docket No. 20-CV-04674 (JMF)(SDA)

Dear Judge Furman:

      I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. Plaintiff, a candidate for a provisional Youth Development Specialist position at the New York City Administration for Children's Services, brought this action pursuant to the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Plaintiff alleges that Defendants (1) violated his First Amendment rights by making a hiring determination in part on the contents of his self-styled memoir, The Whitfield Files; (2) violated his right to equal protection under the Fourteenth Amendment by singling him out because of his prior murder conviction; (3) discriminated against him on the basis of his criminal conviction in violation of the NYSHRL and NYCHRL; and (4) failed to train its employees on avoiding First Amendment violations and otherwise implemented a discriminatory hiring policy, thus making the City of New York liable for plaintiff's alleged Constitutional violations under § 1983.

      On December 23, 2024, this Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint. Specifically, this Court dismissed the following claims: (1) Plaintiff's First Amendment retaliation claims against the individual Defendants; (2) his Fourteenth Amendment discrimination claims; and (3) any New York State Correction Law claim. This Court further held, inter alia, that Plaintiff's First Amendment retaliation claim against the City and his NYSHRL and NYCHRL claims against all Defendants survive.

      Defendants anticipate moving for reconsideration of their arguments for dismissal of Plaintiff's First Amendment claims against Defendant City, as Defendants respectfully submit that the Court overlooked applicable law. I write to request an extension of time for Defendants

to serve their motion for reconsideration from January 6, 2025, to January 20, 2025, given the end-of- and beginning-of-year holidays. The existing deadlines and appearance in this matter include Defendants' Answer due January 20, 2025; a Federal Rule 26(f) conference deadline of January 23, 2025; letters from each party to the Court due February 6, 2025; and an initial conference scheduled for February 13, 2025. In light of Defendants' anticipated motion for reconsideration, which could dispose of the sole remaining federal claim and therefore deprive this court of federal jurisdiction, Defendants request a stay of discovery, including, but not limited to, the January 23, 2025 Federal Rule 26(f) conference deadline, the February 6, 2025 deadline for letters from each party to the Court, and adjournment of the February 13, 2025 initial conference, as well as of the January 20, 2025 deadline for Defendants' Answer, pending resolution of Defendants' motion for reconsideration.

Courts in this circuit "have routinely held that a stay of discovery is appropriate 'pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law.'" King v. City of New York, 2014 U.S. Dist. LEXIS 140790, at *17 (E.D.N.Y. Sept. 30, 2014) (quoting Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). "[D]istrict courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." (quotations omitted)). Long Island Hous. Servs., Inc. v. Nassau Cnty. Indus. Dev. Agency, No. 14-CV-3307, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015). As applied to this case, each of these factors favors a stay of discovery.

For the reasons articulated herein, and as will be articulated in Defendants' anticipated moving papers in support of their motion for reconsideration, Defendants' anticipated motion may dispose of the sole remaining federal claim in this matter, and therefore deprive this court of federal jurisdiction. Accordingly, a stay of discovery is appropriate. See O'Sullivan v. Deutsche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss"); Telesca v. Long Island Hous. P'ship, Inc., 2006 U.S. Dist. LEXIS 24311, at *4 (E.D.N.Y. Apr. 27, 2006) (staying discovery where defendants' motion raised "substantial issues with regard to the viability of plaintiffs' complaint").

Second, Defendants anticipate that Plaintiff will seek discovery that is likely burdensome. Defendants base this conclusion upon the fact that the Second Amended Complaint itself is lengthy—sixty-nine pages, not including exhibits, and over 250 paragraphs—and lacks clear focus. See George v. N.Y.C. Health & Hosps. Corp., No. 09-CV-3833 (ENV) (JMA), 2012 WL 1072274, 2012 U.S. Dist. LEXIS 44125, at *8 (E.D.N.Y. Mar. 23, 2012). Further, the parties may potentially engage in motion practice concerning the scope of permissible discovery. Thus, Defendants respectfully assert that prematurely engaging in discovery would likely unnecessarily consume judicial resources if the Court grants Defendants' motion for reconsideration and dismisses the remaining federal claim. See also Chesney, 236 F.R.D. at 116 ("[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated").

Third, a stay of discovery presents no risk of unfair prejudice. A delay would not result in any loss of evidence, nor would it increase difficulties of discovery. Notably, delay alone does not constitute prejudice. See, e.g., Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); O'Sullivan, 2018 U.S. Dist. LEXIS 70418, at *30 ("the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

Plaintiff consents to this extension request, and with respect to the remainder of Defendants' requests, Plaintiff has indicated that he has decided to also file a motion for reconsideration, and that he "believe[s] that information is irrelevant because, as noted, [he has] no intention of moving forward with this action in its current state and will appeal to the Second Circuit if certain issues remain in the state they are currently in." This is the undersigned's first extension request pertaining to Defendants' anticipated motion for reconsideration in this matter.

Accordingly, Defendants request an extension of Defendants' time to serve their motion for reconsideration to January 20, 2025, as well as a stay discovery, including adjournment of the aforementioned currently set deadlines and appearance, pending a decision on Defendants' motion for reconsideration.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

[ECF]        /S/
Rachel Kreutzer
Assistant Corporation Counsel

cc:   John D. Whitfield (By ECF)
      Plaintiff Pro Se
      10201 Flatlands Ave, Ste #52
      Brooklyn, NY 11236
      Phone: 347-355-9083
      Email: johnwhitfield471@gmail.com

Application GRANTED in part and DENIED in part. The deadline to file any motion for reconsideration is hereby EXTENDED to **January 20, 2025**; any opposition to a motion for reconsideration shall be filed within **two weeks of such a motion**; and any reply shall be filed within **one week of any opposition**. The request for a stay of discovery is DENIED without prejudice to renewal after a motion for reconsideration is filed. All other dates and deadlines, including the initial pretrial conference date, remain in effect. The Clerk of Court is directed to mail a copy of this endorsed letter to Plaintiff and to terminate ECF No. 93.

SO ORDERED.

January 2, 2025