UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JOHN DAVID WHITFIELD,                                                  :
:
Plaintiff,                                                             :
:                              20-CV-4674 (JMF)
-v-                                                                    :
:                              MEMORANDUM OPINION
CITY OF NEW YORK et al.,                                               :            AND ORDER
:
Defendants.                                                            :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this action, familiarity with which is presumed, Plaintiff John Whitfield, proceeding without counsel, brings claims against the City of New York and employees of the City's Administration for Children's Services ("ACS") arising from ACS's rejection of his application to be a Youth Development Specialist. By Opinion and Order dated December 23, 2024, the Court granted in part and denied in part Defendants' motion to dismiss. *See Whitfield v. City of New York*, No. 20-CV-4674 (JMF), 2024 WL 5202698 (S.D.N.Y. Dec. 23, 2024) (ECF No. 90). Specifically, as relevant here, the Court granted Defendants' motion to dismiss with respect to Whitfield's First Amendment retaliation claim against the individual Defendants on the ground that they were entitled to qualified immunity. *See id.* at *6-8. Whitfield now moves for reconsideration of that portion of the Court's ruling. *See* ECF No. 96 ("Pl.'s Recon. Mem.").[1] For the reasons stated below, his motion for reconsideration is DENIED.

      Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to

---

[1]     Defendants also moved for reconsideration. *See* ECF No. 99. By Memorandum Opinion and Order dated January 17, 2025, the Court denied their motion. *See* ECF No. 104.

prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). "A district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

Whitfield's motion for reconsideration falls short of meeting those demanding standards. He argues, first, that the Court's qualified immunity ruling "overlooked the fact that . . . the First Amendment right to freedom of speech was clearly established as of September 2018," when ACS rejected his application, allegedly in retaliation for views he expressed in a memoir titled *The Whitfield Files*. Pl.'s Recon. Mem. 3. But the Court addressed and rejected that precise argument in its Opinion and Order. It explained that Whitfield "defines the right in question far too broadly" because "the relevant inquiry is not whether the defendants should have known that there was a federal right, in the abstract, to 'freedom of speech,' but whether the defendants should have known that the specific actions complained of violated the plaintiff's freedom of speech." *Whitfield*, 2024 WL 5202698, at *7 (cleaned up) (citing *Lewis v. Cowen*, 165 F.3d 154, 166-67 (2d Cir. 1999)). Whitfield is correct that, "[f]or purposes of deciding whether a defendant is entitled to qualified immunity, we do not require a case directly on point for a right to be clearly established." *Sloley v. VanBramer*, 945 F.3d 30, 40 (2d Cir. 2019) (internal

quotation marks omitted); *see* Pl.'s Recon. Mem. 4-5. "[N]evertheless, existing precedent must have placed the . . . constitutional question beyond debate." *Sloley*, 945 F.3d at 40 (internal quotation marks omitted). And on that score, Whitfield's arguments still fall short.

Whitfield cites a string of cases, *see* Pl.'s Recon. Mem. 4-5, but they merely reiterate the general and uncontested principle that "the First Amendment . . . prohibits [the government] from punishing its employees in retaliation for the content of their protected speech." *Kantha v. Blue*, 262 F. Supp. 2d 90, 106 (S.D.N.Y. 2003). Whitfield arguably comes closer to the mark in citing *Perry v. Sindermann*, 408 U.S. 593, 596-98 (1972), which held that the non-renewal of an expired employment contract can give rise to a First Amendment retaliation claim even when the employee lacks a legal right to re-employment. *See* Pl.'s Recon. Mem. 4; ECF No. 105 ("Pl.'s Reply"), at 4-5. *Sindermann*, however, involved an existing employment relationship, not an application for employment. *See* 408 U.S. at 597 ("We have applied the principle [that government may not deny a benefit to a person on a basis that infringes his or her freedom of speech] regardless of *the public employee's* contractual or other claim to a job." (emphasis added)); *see* ECF No. 102 ("Defs.' Opp'n"), at 5 ("Although numerous cases have grappled with First Amendment retaliation in the workplace, Plaintiff has not identified a single case within the failure to hire context."). And in any event, the relevant question, as noted, is not whether Whitfield had rights under the First Amendment in applying for the ACS job; he undoubtedly did. Instead, it is whether the individual Defendants should have known that their "specific actions" violated his rights. *Whitfield*, 2024 WL 5202698, at *7. That is where Whitfield's claim and arguments founder, as not even the standard applicable to his claim is clearly established, *see id.* at *6 (citing cases), and under one plausible standard — "the *Pickering* test" — public employer's judgments are entitled to a "'wide degree of deference,'" *id.* at *6 & *7 n.6

3

(citing *Locurto v. Giuliani*, 447 F.3d 159, 182 (2d Cir. 2006)).

Whitfield's second objection to the Court's ruling — that dismissal on qualified immunity grounds is premature at the motion to dismiss stage, *see* Pl.'s Recon. Mem. 6-10 — fares no better. To be sure, the Second Circuit has instructed that "a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). Under that standard, "the facts supporting the defense [must] appear on the face of the complaint," and "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id.*; *see also Chamberlain Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 110 (2d Cir. 2020) (noting, in light of this standard, that "a qualified immunity defense presented on a Rule 12(b)(6) motion faces a formidable hurdle and is usually not successful" (cleaned up)). But the Second Circuit explained in the very same breath that it saw "no reason why even a traditional qualified immunity defense may not be asserted on a Rule 12(b)(6) motion as long as the defense is based on facts appearing on the face of the complaint" — even where, as here, "the qualified immunity defense being asserted is the traditional one asserted by executive branch personnel making discretionary decisions." *McKenna*, 386 F.3d at 436. Moreover, the Circuit has instructed that "qualified immunity should be resolved at the earliest possible stage in the litigation." *Chamberlain Estate of Chamberlain*, 960 F.3d at 110 (internal quotation marks omitted). Whitfield asserts that the individual Defendants "did not present one single fact appearing on the face of the [Complaint] showing that they were entitled to qualified immunity." Pl's Reply 7. But that is not the case. The individual Defendants' qualified immunity defense rests on the fact that Whitfield included *The Whitfield Files* in his job

4

application — a fact that appears on the face of the Complaint. *See* ECF No. 74 ("Complaint"), ¶¶ 32 n.4, 81, 111; *Whitfield*, 2024 WL 5202698, at *2. And as noted, the Court's Opinion explained that, "even accepting Whitfield's account of his rejection," *Whitfield,* 2024 WL 5202698, at *7 n.6 (alterations omitted), dismissal based on the individual Defendants' qualified immunity defense was appropriate given the lack of precedent clearly establishing Whitfield's novel theory of First Amendment retaliation, *id.* at *6-7. The Court thus finds no reason to reconsider that conclusion.[2]

At bottom, Whitfield "merely disagree[s] with the Court's decision. But that is a reason to appeal, not a basis to move for reconsideration." *Allen v. City of New York*, No. 19-CV-3786 (JMF), 2023 WL 171402, at *1 (S.D.N.Y. Jan. 12, 2023). Accordingly, and for the reasons stated above, Whitfield's motion for reconsideration must be and is DENIED.

The Clerk of Court is directed to terminate ECF No. 96.

SO ORDERED.

Dated: January 29, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] In what arguably constitutes a third objection to the Court's qualified immunity ruling, Whitfield asserts in a footnote that "the Second Circuit will be required to reverse" because the Court "obviously did not draw all reasonable inferences in favor of Whitfield." Pl.'s Recon. Mem. 10 n.3 (cleaned up). This conclusory assertion, however, provides no basis for reconsideration. And, in any event, the Court need not address substantive arguments raised only in passing in footnotes. *See, e.g.*, *City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006); *see also, e.g.*, *Pirnik v. Fiat Chrysler Autos., N.V.*, 327 F.R.D. 38, 43 n.2 (S.D.N.Y. 2018) (stating that an argument "relegated" to a footnote "does not suffice to raise [an] issue" and citing cases).