UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

JOHN DAVID WHITFIELD,                          :

                         Plaintiff,             :              20-CV-4674 (JMF)

            -v-                    :          MEMORANDUM OPINION
                                                    :                  AND ORDER

CITY OF NEW YORK et al.,                       :

                      Defendants.           :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties are reminded that, per the Court's earlier Order, the initial pretrial conference in this case is scheduled for **February 13, 2025**, at **3:00 p.m.** The parties must confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. By the **Thursday of the week prior to the upcoming conference** — i.e., **this** Thursday — the parties must each submit a letter, the contents of which are described in the Court's December 23, 2024 Order, ECF No. 91.

      The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. Additionally, counsel for any represented party should review and comply with the rules regarding teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 3(B)(i), which requires counsel, **no later than 24 hours before the conference**, to send an email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of anyone who is expected to speak during the teleconference and the telephone numbers from which they expect to join the call.

      Finally, the Court notes that the initial pretrial conference will proceed notwithstanding Plaintiff's February 3, 2025 Notice of Appeal, *See* ECF No. 107, as the Notice of Appeal does not impact the Court's jurisdiction over this matter. "As a general matter, the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (cleaned up). This "divestiture rule" is not automatic, however, and does not apply where a party files "a plainly unauthorized notice of appeal which confers on the [appellate] court the power to do nothing but dismiss the appeal." *Id.* at 252; *see, e.g.*, *KB Dissolution Corp. v. Great Am. Opportunities, Inc.*, 705 F. Supp. 2d 326, 328 (S.D.N.Y. 2010) ("[D]istrict courts are not deprived of jurisdiction by the filing of untimely or manifestly defective appeals and appeals from non-appealable orders."). "[C]ourts of appeals shall have jurisdiction of appeals from all final decisions of the relevant district courts. A final judgment or

order is one that conclusively determines the pending claims of *all* the parties to the litigation, leaving nothing for the court to do but execute its decision." *KB Dissolution*, 705 F. Supp. 2d at 328 (emphasis added) (cleaned up). The Court's December 23, 2024 Opinion and Order, *see* ECF No. 90, and January 29, 2025 Memorandum Opinion and Order, *see* ECF No. 106, are plainly not appealable final orders, as several of Whitfield's claims remain to be litigated. Accordingly, this patently improper Notice of Appeal does not impact the Court's jurisdiction over the matter.

    SO ORDERED.

Dated: February 3, 2025
       New York, New York
                                      JESSE M. FURMAN
                                   United States District Judge