UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

JOHN DAVID WHITFIELD,             :

                    :

               Plaintiff,      :

                    :           20-CV-4674 (JMF)

      -v-                 :

                    :            <u>ORDER</u>

CITY OF NEW YORK et al,        :

                    :

             Defendants.    :

                    :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On February 20, 2026, the Court granted Plaintiff John David Whitfield's motion to enforce the Settlement Agreement reached in this case. *See* ECF No. 157, at 9-10. But the Court also concluded that Plaintiff's now-former counsel, White, Rose & Hilferty, PC (the "Firm") has the right to assert a charging lien on those funds and reserved judgment on the appropriate amount of that lien. *See id.* at 4-8. In light of these rulings, the Court ordered Defendants to "send to Whitfield all payments required by the Settlement Agreement — except for the amount in dispute between Whitfield and the Firm — within thirty days." *Id.* at 9 (emphasis omitted). Defendants now seek clarification of the "disputed amount" and move, pursuant to Rule 67(a) of the Federal Rules of Civil Procedure, to deposit the disputed amount with the Court and be relieved of any further responsibility over the funds at issue. *See* ECF No. 158.

With respect to Defendants' first request, the Court clarifies that, pursuant to the Court's February 20, 2026 Order, *see* ECF No. 157, at 8, Whitfield is due $111,800 at this time. Here, "all payments required by the Settlement Agreement" totals $140,000.00. *See* ECF No. 142-12, at 3-4 ("Initial Settlement Agmt."); ECF No. 142-14 at 7-8 ("Amend. Settlement Agmt."). Since the Firm seeks a charging lien of 38% of the gross settlement amount — i.e., 38% of $140,000 or

$53,200 — but at present retains Whitfield's $25,000 refundable retainer, *see* ECF No. 136-1

("Retainer Agmt."), § 2; ECF No. 146, at 12, the disputed amount of the settlement funds is

$28,200.  Insofar as Whitfield's submissions can be construed to contend that the appropriate

amount of any charging lien is less than the $25,000 retainer already in the Firm's possession,

*see, e.g.*, ECF No. 144, at 8 n.2; ECF No. 148, at 3, that is an argument that he may be entitled to

additional monies *from the Firm*.  Accordingly, that argument bears on whether Whitfield is

entitled to the return of any portion of the retainer fee, on which the Court reserved judgment,

but it does not bear on the amount that Defendants must disburse to Whitfield.

As for Defendants' Rule 67(a) motion, the Court observes that, where "any part of the

relief sought is a money judgment or the disposition of a sum of money," Rule 67 permits a

party, "on notice to every other party and by leave of the court," to "deposit with the court all or

part of the money."  FED. R. CIV. P. 67(a).  This procedure "provides a place of safekeeping for

disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of

altering the contractual relationships and legal duties of the parties."  *Radha Geismann, M.D.,*

*P.C. v. ZocDoc, Inc.*, 909 F.3d 534, 541 (2d Cir. 2018) (internal quotation marks omitted).  In

light of these principles, any opposition to Defendants' motion shall be filed **no later than**

**March 17, 2026.**  No reply may be filed absent leave of Court.

As Whitfield, who is now proceeding without counsel, previously consented to electronic

service via the ECF system, *see* ECF No. 19, there is no need to mail a copy of this Order to

Whitfield.

SO ORDERED.

Dated: March 12, 2026
     New York, New York

_____
JESSE M. FURMAN
United States District Judge

2